UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | | |
|---|---|---|
| HEATHER SHEPHERD, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:12-cv-00103 (CSH) |
| | : | |
| v. | : | DEFENDANTS BLUE SKY |
| | : | STUDIOS, INC. AND |
| BLUE SKY STUDIOS, INC., TWENTIETH | : | TWENTIETH CENTURY FOX |
| CENTURY FOX FILM CORPORATION, and | : | FILM CORPORATION'S |
| KEITH STICHWEH, in his individual and | : | ANSWER TO PLAINTIFF'S |
| official capacities, | : | COMPLAINT |
| | : | |
| Defendants. | : | March 16, 2012 |

---

Defendants Blue Sky Studios, Inc. ("Blue Sky") and Twentieth Century Fox Film Corporation ("20th Century Fox Film") (collectively, "Defendants"), by and through their attorneys Kasowitz, Benson, Torres & Friedman LLP, hereby answer and respond to the Complaint, dated January 20, 2012 (the "Complaint") of plaintiff Heather Shepherd ("Plaintiff") as follows:

### NATURE OF THE CLAIMS

1. Deny the allegations contained in Paragraph 1 of the Complaint, except admit that Plaintiff purports to bring this action pursuant to the statutes cited therein.

2. Deny the allegations contained in Paragraph 2 of the Complaint.

3. Deny the allegations contained in Paragraph 3 of the Complaint.

### JURISDICTION AND VENUE

4. Deny the allegations contained in Paragraph 4 of the Complaint, except admit that this Court has subject matter jurisdiction over this action.

5.      Deny the allegations contained in Paragraph 5 of the Complaint, except admit that venue in this district is proper and that Blue Sky is a corporation doing business in the State of Connecticut and is subject to personal jurisdiction in this district.

## PROCEDURAL REQUIREMENTS

6.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint, except admit that Plaintiff filed a charge of discrimination with the Connecticut Commission on Human Rights and Opportunities ("CHRO") on or about January 28, 2011 and that, upon information and belief, Plaintiff's charge of discrimination was shared by the CHRO with the Equal Employment Opportunity Commission ("EEOC").

7.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint.

## PARTIES

10.     Admit that Plaintiff is a female who is currently employed by Blue Sky, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff currently resides in New York County, New York.  The second sentence of Paragraph 10 of the Complaint contains a legal conclusion to which no responsive pleading is required.

11.     Deny the allegations contained in the first sentence of Paragraph 11 of the Complaint, except admit that Blue Sky's principal offices are located at 1 American Lane,

Greenwich, Connecticut and that Blue Sky employs Plaintiff.  The second sentence of Paragraph 11 of the Complaint contains a legal conclusion to which no responsive pleading is required.

12.     Deny the allegations contained in Paragraph 12 of the Complaint, except admit that 20th Century Fox Film's principal offices are located at 10201 West Pico Boulevard, Los Angeles, California.

13.     Deny the allegations contained in Paragraph 13 of the Complaint, except admit that Mr. Stichweh was one of Plaintiff's supervisors from September 2009 through March 2011 and that Mr. Stichweh currently resides in New York State.

## FACTUAL ALLEGATIONS

14.     Deny the allegations contained in Paragraph 14 of the Complaint, except admit that Plaintiff's temporary assignment which began in March 2009 was renewed twice and that in or around September 2009 Plaintiff was hired for the position of Cloth Technical Director and reported to Mr. Stichweh, the Cloth Simulation Supervisor.

15.     Deny the allegations contained in Paragraph 15 of the Complaint, except admit that Mr. Stichweh is married.

16.     Deny the allegations contained in Paragraph 16 of the Complaint.

17.     Deny the allegations contained in Paragraph 17 of the Complaint.

18.     Deny the allegations contained in Paragraph 18 of the Complaint.

19.     Deny the allegations contained in Paragraph 19 of the Complaint.

20.     Deny the allegations contained in Paragraph 20 of the Complaint.

21.     Deny the allegations contained in Paragraph 21 of the Complaint.

22.     Deny the allegations contained in Paragraph 22 of the Complaint.

23. Deny the allegations contained in Paragraph 23 of the Complaint, except admit that Plaintiff received a pay raise, and respectfully refer the Court to plaintiff's performance evaluation received on or around June 1, 2010 for the full contents thereof.

24. Deny the allegations contained in Paragraph 24 of the Complaint.

25. Deny the allegations contained in Paragraph 25 of the Complaint.

26. Deny the allegations contained in Paragraph 26 of the Complaint.

27. Deny the allegations contained in Paragraph 27 of the Complaint.

28. Deny the allegations contained in Paragraph 28 of the Complaint, except admit that an assignment related to skin simulation modeling was given to another team member when Plaintiff failed to perform the assignment, and that employees in the Modeling Department performed modeling work at or around this time.

29. Deny the allegations contained in Paragraph 29 of the Complaint.

30. Deny the allegations contained in Paragraph 30 of the Complaint.

31. Deny the allegations contained in Paragraph 31 of the Complaint.

32. Deny the allegations contained in Paragraph 32 of the Complaint.

33. Deny the allegations contained in Paragraph 33 of the Complaint, except admit that Plaintiff contacted Heather Stewart ("Ms. Stewart"), Director of Human Resources for Blue Sky, in or around August 2010.

34. Deny the allegations contained in Paragraph 34 of the Complaint.

35. Deny the allegations contained in Paragraph 35 of the Complaint, except admit that Ms. Stewart conducted an investigation into Plaintiff's allegations against Mr. Stichweh.

36. Deny the allegations contained in Paragraph 36 of the Complaint.

37. Deny the allegations contained in Paragraph 37 of the Complaint.

38.     Deny the allegations contained in Paragraph 38 of the Complaint, except admit that Jacob Carlson, Character Simulation Department Coordinator, determined that Ms. Shepherd took unapproved vacation days around Thanksgiving and Christmas 2010.

39.     Deny the allegations contained in Paragraph 39 of the Complaint, except admit that on or around December 1, 2010, Plaintiff met with Mr. Stichweh and Mr. Carlson, and during such meeting, Mr. Stichweh and Mr. Carlson discussed Plaintiff's job performance with her.

40.     Deny the allegations contained in Paragraph 40 of the Complaint.

41.     Deny the allegations contained in Paragraph 41 of the Complaint, except admit that Plaintiff met with Ms. Stewart in or around December 2010.

42.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 of the Complaint, except admit that Plaintiff called the Company's Alertline on or around January 5, 2011.

43.     Deny the allegations contained in Paragraph 43 of the Complaint, except admit that Plaintiff spoke with Helen McDevitt of 20th Century Fox Film in or around January 2011 and that they discussed, among other topics, Plaintiff's allegations and vacation time, and admit that on or around January 21, 2011, Plaintiff met with Rob McClary of 20th Century Fox Film, and that they discussed, among other topics, Plaintiff's allegations and holiday and vacation time.

44.     Deny the allegations contained in Paragraph 44 of the Complaint, except admit that Plaintiff filed a charge of discrimination with the Connecticut Commission on Human Rights and Opportunities ("CHRO") on or about January 28, 2011 and that, upon information

and belief, Plaintiff's charge of discrimination was shared by the CHRO with the Equal Employment Opportunity Commission ("EEOC").

45. Deny the allegations contained in Paragraph 45 of the Complaint, except admit that, beginning in or around December 2010, Plaintiff was given finalized shots from "Rio" to work on as part of a training exercise.

46. Deny the allegations contained in Paragraph 46 of the Complaint.

47. Deny the allegations contained in Paragraph 47 of the Complaint.

48. Deny the allegations contained in Paragraph 48 of the Complaint, except admit that Lauren Carr was the only other female in the Character Simulation Department at that time.

49. Deny the allegations contained in Paragraph 49 of the Complaint, except admit that Haven Cousins performed simulation and modeling work for the Character Simulation department in 2010 and 2011.

50. Deny the allegations contained in Paragraph 50 of the Complaint, except admit that Plaintiff transferred to the Modeling Department in or around March 2011.

51. Deny the allegations contained in Paragraph 51 of the Complaint.

52. Admit the allegations contained in Paragraph 52 of the Complaint.

53. Deny the allegations contained in Paragraph 53 of the Complaint, except admit that Defendants moved to dismiss four of the six counts in the New York Complaint in their entirety, and the remaining two counts in part.

54. Deny the allegations contained in Paragraph 54 of the Complaint.

55. Deny the allegations contained in Paragraph 55 of the Complaint.

56. Deny the allegations contained in Paragraph 56 of the Complaint.

57. Deny the allegations contained in the first sentence of Paragraph 57 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second and third sentences of Paragraph 57 of the Complaint.

58. Deny the allegations contained in Paragraph 58 of the Complaint.

### PLAINTIFF'S FIRST CAUSE OF ACTION

59. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 58 with the same force and effect as it set forth fully herein.

60. Deny the allegations contained in Paragraph 60 of the Complaint.

61. Deny the allegations contained in Paragraph 61 of the Complaint.

62. Deny the allegations contained in Paragraph 62 of the Complaint.

63. Deny the allegations contained in Paragraph 63 of the Complaint.

64. Deny the allegations contained in Paragraph 64 of the Complaint.

### PLAINTIFF'S SECOND CAUSE OF ACTION

65. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 64 with the same force and effect as it set forth fully herein.

66. Deny the allegations contained in Paragraph 66 of the Complaint.

67. Deny the allegations contained in Paragraph 67 of the Complaint.

68. Deny the allegations contained in Paragraph 68 of the Complaint.

69. Deny the allegations contained in Paragraph 69 of the Complaint.

### PLAINTIFF'S THIRD CAUSE OF ACTION

70. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 69 with the same force and effect as it set forth fully herein.

71. Deny the allegations contained in Paragraph 71 of the Complaint.

72. Deny the allegations contained in Paragraph 72 of the Complaint.

73. Deny the allegations contained in Paragraph 73 of the Complaint.

74. Deny the allegations contained in Paragraph 74 of the Complaint.

75. Deny the allegations contained in Paragraph 75 of the Complaint.

## PLAINTIFF'S FOURTH CAUSE OF ACTION

76. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 75 with the same force and effect as it set forth fully herein.

77. Deny the allegations contained in Paragraph 77 of the Complaint.

78. Deny the allegations contained in Paragraph 78 of the Complaint.

79. Deny the allegations contained in Paragraph 79 of the Complaint.

80. Deny the allegations contained in Paragraph 80 of the Complaint.

## PLAINTIFF'S FIFTH CAUSE OF ACTION

81. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 80 with the same force and effect as it set forth fully herein.

82. Deny the allegations contained in Paragraph 82 of the Complaint.

83. Deny the allegations contained in Paragraph 83 of the Complaint.

84. Deny the allegations contained in Paragraph 84 of the Complaint.

85. Deny the allegations contained in Paragraph 85 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief, whether it be injunctive, declaratory, monetary, compensatory, punitive, equitable, costs and/or fees relating to this matter, or in any other form sought by Plaintiff in Paragraphs A through H of the Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

### As and For a First Defense

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### As and For a Second Defense

Plaintiff's Complaint, and each and every cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to timely initiate or exhaust administrative or statutory remedies available to her.

### As and For a Third Defense

Plaintiff's Complaint, and each and every cause of action alleged therein, is barred in whole or in part to the extent that the allegations in support of the causes of action are not within the scope of any complaints or charges filed by Plaintiff with the Connecticut Commission on Human Rights and Opportunities and/or the federal Equal Employment Opportunity Commission.

### As and For a Fourth Defense

Plaintiff's purported claims are barred, in whole or in part, because Plaintiff did not suffer an adverse employment decision.

### As and For a Fifth Defense

Plaintiff's purported claims are barred, in whole or in part, because any employment actions taken by Defendants with respect to Plaintiff's employment were based solely on legitimate, non-discriminatory and non-retaliatory reasons.

### As and For a Sixth Defense

Plaintiff's purported claims are barred, in whole or in part, because the alleged wrongful

conduct of which Plaintiff complains is not sufficiently severe or pervasive to state a claim for unlawful harassment as a matter of law.

### As and For a Seventh Defense

Plaintiff's purported claims are barred, in whole or in part, by the equitable doctrines of laches, waiver and/or estoppel.

### As and For a Eighth Defense

At all times relevant, corporate defendants Blue Sky and 20th Century Fox Film had in place and continue to have in place policies expressly prohibiting all forms of discrimination, harassment and retaliation in the workplace (hereinafter, "EEO Policies"). The EEO Policies are widely distributed to Blue Sky employees, including Plaintiff. The EEO Policies contain effective complaint procedures and are adhered to by Blue Sky and 20th Century Fox Film. To the extent Plaintiff experienced or believes she experienced harassment, discrimination or retaliation of any kind, her claims are barred, in whole or in part, due to her unreasonable efforts to avail herself of the preventative and remedial measures made available to her or to avoid harm otherwise, and because when she did make any complaints, such complaints were promptly and thoroughly investigated and appropriate actions were taken in response thereto.

### As and For a Ninth Defense

Plaintiff's purported claims are barred, in whole or in part, because she engaged in a consensual relationship with Mr. Stichweh and any purported verbal or physical conduct of a sexual nature, or any other alleged wrongful conduct, was not unwelcome.

### As and For a Tenth Defense

To the extent that Mr. Stichweh engaged in any purported unlawful harassing, discriminatory or retaliatory conduct, all of which such purported conduct is denied, Blue Sky

and 20th Century Fox Film did not encourage, condone or support such purported conduct and exercised reasonable care to prevent and correct promptly such purported conduct.

### As and For a Eleventh Defense

The damages complained of were not caused by Defendants' conduct or actions.  To the extent Plaintiff has suffered any damages, which damages are denied, any such damages are the result of Plaintiff's own conduct and actions.

### As and For a Twelfth Defense

To the extent that Plaintiff suffered any damages, which damages are denied, any such damages are barred and/or must be reduced on account of Plaintiff's failure to take reasonable steps to mitigate damages.

### As and For a Thirteenth Defense

Plaintiff's Complaint fails to plead facts necessary to sustain a claim for punitive damages or equitable relief.

### As and For a Fourteenth Defense

Plaintiff cannot recover punitive damages for any alleged unlawful harassing, discriminatory, or retaliatory conduct because none of the Defendants knew at any relevant time that any of their respective conduct was in violation of federal or state law relating to harassment, discrimination or retaliation in employment, and no Defendant was consciously indifferent to whether he or it violated any such laws or rights of the Plaintiff arising under such laws.

### As and For a Fifteenth Defense

Plaintiff cannot recover punitive damages for any alleged unlawful harassing, discriminatory, or retaliatory conduct because, at all times relevant to the Complaint, each Defendant engaged in good-faith efforts to comply with his or its obligations under all applicable

federal or state laws relating to harassment, discrimination and retaliation in employment.

### As and For a Sixteenth Defense

All of Plaintiff's claims alleging employment discrimination, employment retaliation, and employment harassment against 20th Century Fox Film fail because at no time was Plaintiff ever employed by 20th Century Fox Film and at no time was 20th Century Fox Film ever the Plaintiff's employer.

### As and For a Seventeenth Defense

Defendants intend to rely upon any other defense that may become available during the proceedings in this case, and hereby reserve the right to amend their Answer to assert any such defense(s).

**WHEREFORE,** Defendants respectfully request that the Court:

A.  Dismiss the Complaint in its entirety with prejudice;

B.  Deny each and every demand and prayer for relief contained in the Complaint;

C.  Award Defendants their costs and reasonable attorneys' fees; and

D.  Award Defendants such other and further relief as the Court deems just and proper.

Dated: New York, New York
        March 16, 2012

>                               Respectfully submitted,
>
>
>                               KASOWITZ, BENSON, TORRES &
>                               FRIEDMAN LLP
>
>                               By:  /s/ Mark W. Lerner
>                               Mark W. Lerner (ct22867)
>                               1633 Broadway
>                               New York, New York 10019
>                               Tel. (212) 506-1700
>                               Fax. (212) 506-1800
>                               mlerner@kasowitz.com
>
>                               *Attorneys for Defendants*
>                               *Blue Sky Studios, Inc., Twentieth Century*
>                               *Fox Film Corporation and Keith Stichweh*

**CERTIFICATION OF SERVICE**

      I hereby certify that on the 16th day of March, 2012, a copy of the foregoing Answer was filed electronically [and served by mail on anyone unable to accept electronic filing].  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.

      /s/ Mark W. Lerner
      Mark W. Lerner  (ct22867)
      KASOWITZ, BENSON, TORRES
        & FRIEDMAN LLP
      1633 Broadway
      New York, New York 10019
      Tel: (212) 506-1700
      Fax: (212) 506-1800
      mlerner@kasowitz.com